LESSEE OF IRWIN H. DOOLITTLE. AND OTHERS, PLAINTIFFS, *v.* LEVI BRYAN AND OTHERS, DEFENDANTS..

A sale of land by a marshal on a. *venditioni exponas*,.after he is removed from office, and a-new marshal appointed and qualified, is not void. .
Such sale being returned to the court and confirmed by it, on motion, and a deed ordered to be made to the purchaser at the sale, by the new marshal, such sale being made, is valid.

THIS case came up from the . Circuit Court of the. United States for the District of Ohio, on a certificate of division in opinion between the Judges thereof.

The following was the entire record in the case:

THE UNITED STATES OF AMERICA,
*District of Ohio, ss.*

At a Circuit Court of the United States, for the District of Ohio, began and held at the city of Columbus, in said district, on the third Tuesday in the month of October, in the year of our Lord one thousand eight hundred and fifty-one, and of the independence of the United States of America the 76th, before the Honorable John McLean and the Honorable Humphrey H. Leavitt, Judges of said court; among other proceedings had, were the following, to wit:

The lessee of IRWIN B. DOOLITTLE et al. ⎫
          *v.*                          ⎬ In ejectment.
     LEVI BRYAN et al.                  ⎭

In this case, the lessors of the plaintiff, being citizens of Illinois, brought their action of ejectment to recover possession of one thousand acres of land in the State of Ohio; the declaration being duly served on the tenants in possession, they appeared and entered into the consent rule, and filed the general issue. On the trial, two points arose, on which the opinions of the Judges were opposed, to wit:

1. Whether a sale of land by a marshal, on a *venditioni exponas*, after he is removed from office, and a new marshal appointed and qualified, is void?

2. Whether such sale, being returned to the court, and confirmed by it on motion, and a deed ordered to be made to the purchaser, at the sale, by the new marshal, such sale being made, is valid?

And the counsel for the lessors of the plaintiff, moved the court to certify the above points, for decision, to the Supreme Court, under the statute.

The practice to confirm the marshal's sale, is under the fifteenth section of the State statute "regulating judgments and executions," and is as follows:

" That if the court to which any writ of execution shall be returned by the officer, for the satisfaction of which any lands or tenements may have been sold, shall, after having carefully examined the proceedings of such officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this act, they shall direct their clerk to make an entry thereof on the journal, that the court are satisfied with the legality of such sale, and an order that the said officer make to the purchaser a deed for such lands and tenements."

*October* 27, 1851.

From the arguments of counsel, the following appeared to be the dates of the several transactions.

On the 19th of February, 1829, a *venditioni exponas* came to the hands of William Dougherty, then the marshal of Ohio. The writ was returnable to the July term, 1829.

On the 20th of April, 1829, Dougherty was removed from office.

On the 11th of May, 1829, John Patterson was qualified as marshal.

On the 10th of July, 1829, Dougherty sold the land in question.

At the July term, 1829, the writ of *venditioni exponas* was returned, by which it appeared that the land was sold to Levi Bryan, one of the defendants. The sale was confirmed by the court, and Patterson, the then marshal, ordered to convey the land to Bryan, the purchaser.

The counsel upon both sides agreed that the plaintiffs in ejectment could not recover unless this was a void sale.

It was argued by *Mr. Stanberry*, for the plaintiffs, and *Mr. Corwin*, for the defendant.

Mr. Justice GRIER delivered the opinion of the court.

On the trial of this case in the Circuit Court, two points arose, in which the Judges were divided in opinion, and which have been accordingly certified to this court.

1. Whether a sale of land by a marshal, on a *venditioni exponas*, after he is removed from office, and a new marshal is appointed, is void?

2. Whether such sale, being returned to the court and confirmed by it, on motion, and a deed ordered to be made to the purchaser at the sale, by the new marshal, such sale being made, is valid?

If the first of these questions be answered in the negative, the second will be answered affirmatively, as an undisputed consequence.

Whether a sale, made by a marshal after he is removed from office, on a writ of *venditioni exponas*, is void, will depend on the construction of the third section of the act of May 7, 1800, ch. 45, and whether it is a repeal of the provisions on this subject, contained in the twenty-eighth section of the Judiciary Act of 1789, chap. 20.

So much of the latter act as is material to our inquiry, is as follows: "Every marshal or his deputy, when removed from office, or when the term for which the marshal is appointed shall expire, shall have power, notwithstanding, to execute all such precepts as may be in their hands respectively at the time of such removal or expiration of office," &c.

The third section of the act of 1800 enacts: "That whenever a marshal shall sell any lands, tenements, or hereditaments, by virtue of process from a court of the United States, and shall die or be removed from office, or the term of his commission expire, before a deed shall be executed for the same by him to the purchaser; in every such case the purchaser or plaintiff, at whose suit the sale was made, may apply to the court from which the process issued, and set forth the case, assigning the reason why the title was not perfected by the marshal who sold the same; and thereupon the court may order the marshal, for the time being, to perfect the title, and execute a deed to the purchaser, he paying the purchase-money and costs remaining unpaid. And where a marshal shall take in execution any lands, &c., and shall die or be removed from office, or the term of his commission expire before a sale or other final disposition made of the same, in every case the like process shall issue to the succeeding marshal, and the same proceedings shall be had, as if such former marshal had not died or been removed, or the term of his commission had not expired. And the provisions in this section contained, shall be and they are hereby extended

to all the cases respectively which may have happened before the passing of this act."

There is no express repeal of the act of 1789 to be found in this act of 1800. Nor does it contain any negative terms which are necessarily contrary to the previous affirmative act. A latter act is never construed to repeal a prior act unless there be a contrariety or repugnancy in them, or at least some notice taken of the former act so as to indicate an intention to repeal it. The law does not favor a repeal by implication unless the repugnance be quite plain. hence it has been decided that, although two acts of parliament be seemingly repugnant, yet if there be no clause of *non obstante* in the latter they shall, if possible, have such construction that the latter may not be a repeal of the former by implication; Dwarris on Stat. 674, and cases cited.

The purview of the clause of the act of 1789, now in question, is to define the powers of a marshal having process in his hands at the time he is removed or his office expires; it authorizes him to execute process previously directed to him. The act of 1800 is evidently intended to confer rights on the parties to have the same acts performed by the new marshal. It gives cumulative rights and powers, for the benefit of suitors.

That such is its purview and policy, is evident from its language — " the purchaser or the plaintiff," it is said, " may apply, and the court may order the new marshal for the time being;" and although " may " is changed into " shall," in the latter clause of the section, it is not necessarily inconsistent with, nor repugnant to the power conferred on the marshal to execute precepts in his hands, by the act of 1787. The latter act does not set aside or make void process or precepts in the hands of the outgoing marshal, or require him to hand them over to the new officer. It authorizes " like process " to issue to him; and the word " shall " is used because it is the most proper in conferring a power on the officer, and is not incompatible with the choice given to the plaintiff in the first clause of the section. The laws of the several States affecting liens on land, and the process by which they may be sold for the satisfaction of judgments, differ very widely. In some, by attachment a lien is created at the institution of the suit. In others, the judgment becomes a lien at the time of its rendition; while in others, the execution and levy first give a lien. In some, lands are sold on a *fi. fa.*, while in others it can be sold only on a *vinditioni exponas*. Under the act of 1789, a doubt might have been entertained, whether land attached should be sold by the officer who had originally attached it, and whether, if process issued to a new officer, it might not be a relinquishment of the lien of the original attach-

ment, as by fiction of law the land, like personal property attached, might be considered in the custody of the officer who attached it. Again, an officer, going out of office, may have an execution in his hands which has created a lien; if the act were construed so as imperatively to require a new or "like process" to issue to the new officer, the lien, and with it the debt, might be lost. In other cases, on the contrary, a marshal may be, and often is, removed from office, because money, which once gets into his hands, cannot be got out again, and a plaintiff may much prefer to relinquish his execution and take a new one. Doubts, also, may have arisen whether a *venditioni exponas* could legally issue to the new marshal, where the former one had levied on the land and had it condemned. All these difficulties are obviated by the act of 1800, not by repealing the general powers given by the act of 1789, but by conferring certain powers on the new officer, where it is found expedient or necessary that he should exercise them.

It is an argument entitled to great weight in the construction of these statutes, — that different constructions have been given them in different States, and the practice under them has been more or less conformed to the State practice, without, perhaps, a proper regard to these acts. In some, the act of 1800 has been overlooked altogether. A sharp or stringent construction, which should now declare the latter to be a repeal of the powers conferred by the former, might have the effect of unsettling titles to land to an extent the court may not be able to anticipate. In the present case, it is said, the land was sold in 1829. The purchaser paid his money and obtained his deed upon the faith of a judgment of the court that the sale was regular, and has held the land under this title ever since. Hundreds of similar cases may probably be found, where the same objections to the sale exist. Under such circumstances a court should be even astute in avoiding a construction which may be productive of much litigation and insecurity of titles.

We therefore answer the first question proposed, in the negative; which involves, as a necessary consequence, an affirmative answer to the second, so far as it affects the case before us. But we do not mean to say that the confirmation of a void sale by the court, would make it valid.

### Order.

This cause came on to be heard, on the transcript of the record, from the Circuit Court of the United States for the District of Ohio, and on the points or questions on which the Judges of the said Circuit Court were opposed in opinion and

which were certified to this court for its opinion, agreeably to the act of Congress in such case made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court, —

1. " That a sale of land by a marshal, on a *venditioni exponas*, after he is removed from office, and a new marshal appointed and qualified," is not void.

2. That " such sale being returned to the court, and confirmed by it on motion, and a deed ordered to be made to the purchaser, at the sale, by the new marshal, such sale being made, is valid."

Whereupon it is now here ordered and adjudged, by this court, that it be so certified to the said Circuit Court.